IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN FIGUEROA<br><br>**Plaintiff,**<br><br>v.<br><br>CAMBIAS INSURANCE AGENCY, LLC, and<br>ROBERT J. CAMBIAS, V.<br><br>**Defendants.** | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Juan Figueroa brings this action against Defendants Cambias Insurance Agency, LLC and Robert J. Cambias, V (sometime collectively referred to as "Defendants"), for violations of the anti-retaliation provision of the Federal Labor Standards Act ("FLSA") and respectfully alleges as follow:

### THE PARTIES

1. Plaintiff Juan Figueroa ("Mr. Figueroa" or "Plaintiff") is an individual residing in Jefferson Parish, Louisiana. Mr. Figueroa was employed with Defendants as a non-exempt customer service agent until he was involuntarily terminated on January 30, 2015.

2. Defendant Cambias Insurance Agency, LLC ("Cambias Insurance") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Robert J. Cambias, V, 6601 Veterans Boulevard, Suite 4, Metairie, LA 70003**. Cambias Insurance is an "employer" within the meaning of the FLSA.

3. Defendant Robert J. Cambias, V ("Mr. Cambias") is a corporate officer of Cambias Insurance and is an "employer" within the meaning of the FLSA.

1

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

6. On or around November 4, 2013, Mr. Figueroa began working for Defendants as a non-exempt customer service agent.

7. Mr. Figueroa was a dedicated, hard-working employee while working for Defendants, and performed his job duties as requested and in a satisfactory manner.

8. In January 2015, Defendants began pressuring Mr. Figueroa and another co-worker to come into the office on the weekend for a work training session without being paid for their time.

9. Mr. Figueroa advised Defendants that he did not think it was fair for him and his co-worker to be required to attend the work training session without being paid for his time. In response, Defendants told Mr. Figueroa that, if anything, he should pay the trainer because he would be receiving valuable information at the training session.

10. Defendants continued pressuring Mr. Figueroa and his co-worker to come into the office on the weekend for a work training session without being paid for their time.

11. Mr. Figueroa again advised Defendants that he did not think it was fair for him and his co-worker to be required to come into the office on the weekend for a work training session without being paid for their time. Mr. Figueroa further advised Defendants that he

believed it was a violation of federal law (specifically the FLSA) and that he would not come into work without being paid for his time. In response, Defendants told Mr. Figueroa to be quiet and admonished him not to say anything about the FLSA ever again.

12. After Mr. Figueroa complained about the foregoing issues, Defendants abruptly terminated his employment.

## FIRST CAUSE OF ACTION
### (Violations of the FLSA's Anti-Retaliation Provision)

13. Mr. Figueroa incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

14. Mr. Figueroa exercised his rights and engaged in protected activity under the FLSA as heretofore alleged.

15. Defendants retaliated against Mr. Figueroa for exercising his rights under the FLSA as heretofore alleged.

16. As a result of Defendants' unlawful conduct, Mr. Figueroa is entitled to compensatory damages, lost wages, liquidated damages equal to lost wages, punitive damages, and other appropriate equitable relief.

17. Mr. Figueroa also seeks reasonable attorney's fees and costs, as provided by the FLSA.

## DEMAND FOR JURY

18. Mr. Figueroa hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, having set forth his Complaint, Mr. Figueroa respectfully requests that this Court:

(a) Enter a declaratory judgment that the practices complained of herein violate the anti-retaliation provision of the FLSA;

(b) Enjoin Defendants from engaging in the acts described herein;

(c) Award Mr. Figueroa compensatory damages, lost wages, liquidated damages, punitive damages, attorney's fees, interest, and costs; and

(d) Award Mr. Figueroa any other legal and equitable relief that this Court deems just and proper.

Dated: February 11, 2015                    Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  s/Christopher L. Williams
Christopher L. Williams (T.A.)
La. Bar Roll No. 32269
1055 St. Charles Ave., Suite 300
New Orleans, LA 70130
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorney for Plaintiff*